# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUAN J. PEREZ,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:12-cv-00605-GMN-VCF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

## *Background*

Petitioner Juan Perez challenges his Nevada state conviction, pursuant to a guilty plea, of two counts of robbery with use of a deadly weapon.

Petitioner's responses in the petition, the decision attached thereto, and the online docket records of the state district court and state supreme court reflect the following.

The judgment of conviction was filed on July 31, 2006, and petitioner did not file a direct appeal. The time for doing so expired on August 30, 2006.

More than three years later, on or about December 16, 2009, petitioner filed a motion to withdraw his plea. The state district court denied the motion on the merits on January 11,

1  2010. Petitioner did not appeal the denial of the motion, and the time for doing so expired on
2  or about February 10, 2010.
3        An additional one year and three months later, on May 11, 2011, petitioner filed a
4  second motion to withdraw his plea. The state district court denied the motion, and petitioner
5  appealed. The Supreme Court of Nevada affirmed the denial of the petition on the ground
6  that the petition was barred by laches. The remittitur issued on December 13, 2011.
7        Approximately four months later, on or about April 10, 2011, petitioner mailed the
8  federal petition to the Clerk of this Court for filing.

### *Discussion*

10        Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises
11  the question of whether the petition is time-barred for failure to file the petition within the one-
12  year limitation period in 28 U.S.C. § 2244(d)(1).
13        Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless
14  otherwise tolled or subject to delayed accrual, begins running after "the date on which the
15  judgment became final by the conclusion of direct review or the expiration of the time for
16  seeking such direct review." Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation
17  period is statutorily tolled during the pendency of a properly filed application for state
18  post-conviction relief or for other state collateral review. However, an untimely state
19  proceeding is not "properly filed" and thus does not statutorily toll the federal limitation period.
20  *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).
21        In the present case, the federal one-year limitation period, unless otherwise tolled or
22  subject to delayed accrual, began running after the time to file a direct appeal of the
23  conviction expired on August 30, 2006. Given that there were no state proceedings filed
24  within one year of that date, the federal limitation period expired one year later on August 30,
25  2007, absent other tolling or delayed accrual. The federal petition was not mailed for filing
26  until April 10, 2012, over four years and seven months after the federal limitation period
27  already had expired, absent other tolling or delayed accrual.
28        The petition therefore is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 1085, 177 L.Ed.2d 130 (2010)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all of the charges pending against him in the case prior to the plea. *See House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

IT IS THEREFORE ORDERED that the Clerk of Court shall file the petition.

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed

with prejudice as time-barred without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that this order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness issue in the first instance.

DATED this 23rd day of May, 2012.

_____
Gloria M. Navarro
United States District Judge