# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUAN J. PEREZ,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:12-cv-00605-GMN-VCF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon an earlier show cause order (#4) and petitioner's response (#6) thereto.

### *Background*

Petitioner Juan Perez challenges his Nevada state conviction, pursuant to a guilty plea, of two counts of robbery with the use of a deadly weapon.

Petitioner's responses in the petition, the decision attached thereto, and the online docket records of the state district court and state supreme court reflect the following state court procedural history. This procedural history was outlined in the show-cause order and has not been challenged in the show-cause response.

The judgment of conviction was filed on July 31, 2006, and petitioner did not file a direct appeal. The time for doing so expired on August 30, 2006.

More than three years later, on or about December 16, 2009, petitioner filed a motion to withdraw his plea. The state district court denied the motion on the merits on January 11,

2010. Petitioner did not appeal the denial of the motion, and the time for doing so expired on or about February 10, 2010.

An additional one year and three months later, on May 11, 2011, petitioner filed a second motion to withdraw his plea. The state district court denied the motion, and petitioner appealed. The Supreme Court of Nevada affirmed the denial of the petition on the ground that the petition was barred by laches. The remittitur issued on December 13, 2011.

Approximately four months later, on or about April 10, 2012, petitioner mailed the federal petition to the Clerk of this Court for filing.

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely state proceeding is not "properly filed" and thus does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo,* 544 U.S. 408 (2005).

In the present case, the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, began running after the time to file a direct appeal of the conviction expired on August 30, 2006. Given that there were no state proceedings filed within one year of that date, the federal limitation period expired one year later on August 30, 2007, absent other tolling or delayed accrual. The federal petition was not mailed for filing until April 10, 2012, over four years and seven months after the federal limitation period already had expired, absent other tolling or delayed accrual.

The petition therefore is untimely on its face.

In the show-cause response, petitioner perhaps seeks to establish a basis for equitable tolling of the federal limitation period, based upon his attorney's alleged erroneous advice that he could not appeal his guilty plea.[1]

In this regard, equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In the show cause response, petitioner states: (a) that "he did not file a direct appeal because his lawyer told him that he could not do an appeal after a guilty plea;" and (b) that "[y]ears later, when he did learn that the lawyer gave him false information, he filed the motion to withdraw his guilty plea only to be denied by the courts."

At the outset, petitioner neither has presented competent evidence nor has he provided evidence of specific facts as required by the show-cause order.

The show-cause order expressly directed:

> IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show cause order must be

---

[1] As discussed *infra*, petitioner makes factual assertions perhaps seeking to explain the failure to file a timely federal petition. However, he further states that "[h]is only option at this point of litigation is to concede to the untimely filing under AEDPA and attempt to restart his case for a new sentencing hearing under the U.S. Supreme Court's recent ruling in *Martinez v. Ryan*, [132 S.Ct. 1309 (2012)] based upon counsel's ineffective assistance in this matter." While petitioner perhaps has conceded the untimeliness of the petition, the Court has read the response liberally as seeking to establish a basis for equitable tolling. Nothing in the *Martinez* decision has any bearing on the present timeliness inquiry. Nor does petitioner appear to contend that it does. The Court expresses no opinion as to whether petitioner could pursue a later federal petition.

> detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

#4, at 4.

None of the factual assertions made by petitioner are made pursuant to a declaration under penalty of perjury. Under the show-cause order, petitioner may not simply make factual statements in the response that have no supporting evidence. He instead must make a declaration under penalty of perjury -- with the potential for prosecution for false statement that that entails -- in order to present competent evidence in support of a claim of equitable tolling in response to the show-cause order. The only declaration under penalty of perjury attached with the response declares that the information *in the certificate of service* is true and correct. Petitioner has made no declaration under penalty of perjury that the facts asserted *in the show-cause response* are true and correct. As the show-cause order states: "Unsupported assertions of fact will be disregarded."

Further, the unsupported factual assertions made are not specific as to time and place as required by the show-cause order. An assertion that counsel told petitioner that he could not appeal at some unspecified time and location is not specific as to time and place. In order to establish a basis for further inquiry, petitioner must commit to establishing the occurrence of an alleged specific incident occurring in real time in the real world in which he allegedly was misadvised by his attorney that he could not file an appeal. A vague assertion that he was misadvised by counsel at some indefinite time and location does not suffice. Moreover, the assertion that petitioner learned "years later" that he was misadvised clearly is not specific as to time or place.

In all events, even if *arguendo* accepted as true on their face, the factual assertions made by petitioner do not establish a basis for equitable tolling.

-4-

1       Petitioner's assertion that he did not file a direct appeal because his lawyer told him
2 that he could not appeal the guilty plea potentially bears only on his failure to file a direct
3 appeal within 30 days of the July 31, 2006, judgment of conviction. The alleged erroneous
4 advice provides no viable explanation for his failure to file a federal habeas petition thereafter,
5 and the alleged erroneous advice concerning a direct appeal did not stand in the way of his
6 filing a federal petition. *Cf. Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir.), *cert. denied*,
7 131 S.Ct. 474 (2010)("Counsel's failure to perfect an appeal simply meant that Randle had
8 one year from the expiration of his time to file a notice of appeal in which to initiate a federal
9 habeas action – it did not prevent him from filing the petition."). Moreover, mere negligence
10 or erroneous advice by counsel generally does not constitute an extraordinary circumstance
11 providing a basis for equitable tolling. *See,e.g., id.*; *Spitsyn*, 345 F.3d at 800; *Miranda*, 292
12 F.3d at 1066–68 & n. 4; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001).

13       Even further to the point, petitioner asserts that he learned "years later" that the advice
14 was incorrect, and that he then filed a motion to withdraw guilty plea in the state district court.
15 Any such alleged erroneous advice by counsel regarding petitioner's direct appeal right
16 therefore clearly can have no causal relationship to a failure to file a federal petition on and
17 after December 16, 2009, when he filed the first such state court motion. Petitioner did not
18 constructively file his federal petition until approximately two years and four months later. This
19 time period included a year and three months between his first and second state court
20 motions and four months after the affirmance of the denial of the second motion. The alleged
21 erroneous advice of counsel at some undefined point in 2006 provides no conceivable
22 explanation for the failure to pursue federal habeas relief during this quite lengthy period. It
23 further is apparent that petitioner was not pursuing his issues diligently during the total one
24 year and seven months when he was not pursuing any state or federal relief.

25       Petitioner accordingly has failed to present a viable basis for tolling. The federal
26 petition is time-barred and therefore will be dismissed with prejudice.

27       IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice
28 as time-barred.

1	IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find debatable or wrong the district court's dismissal of the petition as untimely. First, petitioner has presented neither competent evidence nor specific evidence as directed in the show-cause order. Second, even accepting petitioner's sparse and unsupported factual assertions as true, the assertion that defense counsel erroneously advised him that he could not appeal his guilty plea does not present an extraordinary circumstance standing in the way of filing a federal petition over the five years and seven months at issue.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall provide a copy of this order, the judgment, and the petition to respondents by effecting informal electronic service upon Catherine Cortez Masto as per the Clerk's current practice. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED this 25th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge